Judge Buckner
delivered the opinion of the court.
This was an action of ejectment, instituted in the Oldham circuit court, by the plaintiffs against the defendants in error. The declaration contains eleven demises.
1st. In the name of Gabriel Madison.' 2d. Of Row-ley Madison. 3d. Of Walter Beall. 4th. Of Samuel T. Beall. 5th. Of Abraham Buford. 6th. Of Elizabeth Alien, William S. Madison, Lucy Madison, Ga-briella Madison, George Madison, Jane Madison and Patsey Madison. 7th. Of William S. Madison, Joseph jilc’Murtry and Lucy his wife, John S. Hawkins and Gabridla his wife, F. W. Alien and Elizabeth his wife, George Madison, Jane Madison,. Charles Alexander and Patsey bis wife. 8th. Of Norborne B, .Beall. 9th. Of Francis Taylor and William Milbourn, *Oth. Of John Gore. 11th, Of JonathanGnr<\
*696 At August term of said court, in the year 182?$ John Breckenridge, Robert J. Breckenridge, William L. Breckenridge, Peter B. Porter and Letitia his wife, and the children and heirs of Joseph C. Breckenridge, deceased, were entered as defendants, and plead ‘‘not guilty,” upon which issue was joined.
At the April term, 1828, James D. Breckenridge presented his affidavit to the court, which was hied, and thereon moved the court to strike out the demises in the name of the lessors, who were then named in said affidavit as the heirs of Gabriel Madison, to which the plaintiffs objected; but the court everruled their objection, -and the demises were stricken out; being number 1, 6 and 7.
The affidavit is in the following words, and was the only testimony offered in support of the motion.
“James D. Breckenridge states, that doctor Me-Murtry, one of the lessors of the plaintiff, in the ejectment, Doe on demise of Beall, &c. vs. Breckenridge’s heirs, informed said James D. Breckenridge in January last, that Madison’s heirs had sold the land, which is the subject of controversy in this suit, as well as deponent recollects; and that such sale was made before the commencement of suit in Jefferson, upon the same patent, and which affiant knows was commenced before the present suit. McMurtry further informed said affiant, that he was married to one of the heirs of said Gabriel Madison, the said Gabriel being dead.”
John D. Breckenridge.
On the same day, the plaintiffs moved the court to rescind the order, directing the two demises, numbers 6 and 7 to be stricken out of their declaration, and reinstate them, and read in support of said, motion, an affidavit sworn to by Norbourn B. Beal!, and C. M. Thrusíon. The court overruled the motion, and the plaintiffs refusing further to proceed in the cause, the suit by order of the court was dismissed, and judgment for costs was entered against all the plaintiffs, except those whose names were stricken out, to which they excepted. The affidavit is in the following words:
*697 “This day Norbourn B. Beall made ‘oath, that on the 23d of May, 1785, a patent issued to Gabriel Madison, for 2000 acres of land, made part hereof, marked A. That on the-day of April, 1799, Gabriel Madison conveyed by deed in fee simple, the southern one half, by metes and bounds, to Rowley Madison, which deed includes the laud in controversy, sued for by plaintiffs; that the deed was recorded in the office of the Lexington district court, of which Thomas Bodley was clerk. That the said deed not being recorded in the proper office, he cannot read a copy of said deed, as recorded; that he has made enquiry for said deed, of said Bodley at Lexington, and of other persons included in said Madison’s claim and deed, and cannot find the same; nor has he been enabled by any means to find the original. That said R. Madison conveyed to Waller Beall, deceased, the whole land sold and conveyed to him by said Gabriel Madison. That said deed was duly recorded in Nelson district court of Kentucky. A copy of the deed to Rowland from Gabriel Madison, and the copy of the deed 'to Beall, are. herewith filed, and made parts hereof, marked, B and C. That af-terwards, said Walter BealJ departed this life, having first duly made and published his last will and testament, by which he devised said land so conveyed to him, to his son Samuel T. Beall; a certified copy of said will is filed herewith as a part of this affidavit, marked D. That afterwards, said Samuel T. Beall made the deed of trust to this affiant, marked E, made part hereof; that for the purpose of discharging his debts, as trustee, or applying the property in said deed mentioned, to the purposes of the trust, he has instituted this suit, both as agent of Samuel T. Beall, and as trustee aforesaid. That it is necessary for him to demise in the name of the persons who are alleged tobe, and who are heirs of Gabriel Madison, not being able toread the copy of the deed to R. .Madison, Charles M. Thrustoiu also makes’ affidavit, that he has made diligent search by v/riting to the clerk, arid enquiring ofhim personally at Louisville, and enquiring of the clerk who keeps the records of the old district court at Lexington, and of others who arc interested in finding said deed, but has been unh-ide todo soí Paid deed he has becd informed, and *698 believes is not in Lexinglon office; be, said Thruslon having been heretofore interested in finding said original deed.”
'íf plaintiff sutler a non-suity he cannot by writ oí error or appeal, reverse judgment of non-suit, on account of any erroneous opinion of the court, in progress of the suit.
Denny and Nicholas, for plaintiffs; Wickliffe and Wooley for defendants.
NobbouRw B. Beall.
C. M. Thrdstow.
To reverse the judgment, Ihis writ of error is prosecuted, and the propriety of the several opinions of the court in ordering the demises in said 6th and Till couris, tobe stricken from the declaration, and in refusing to reinstate them is questioned.
We deem it unnecessary to determine, whether, in those steps, any error was committed by the circuit court, as the plaintiffs suffered a non-suit, because we consider the doctrine as well settled, that in such a case, they cannot, by a writ of error, or appeal, procure a reversal of the judgment, on account of any erroneous opinion delivered in the progress of the suit. Having submitted to a non-suit, the plaintiffs thereby abandoned their cause.
In the ease of Watson vs. Anderson, Hardin, 458, this doctrine is laid down, and the reasons upon which it rests, are satisfactory explained. See also, I. Wash. Reports, 138.
The judgment of the circuit court must be affirmed with costs.